### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03271-MEH

TORRENCE BROWN-SMITH,

     Plaintiff,

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTHERN
COLORADO,

     Defendant.

---

### JOINT MOTION TO VACATE SCHEDULING CONFERENCE AND
### STAY DISCOVERY

     The Parties hereby jointly move to vacate the scheduling conference currently set for March 18, 2021, and stay all disclosures and discovery until the Court rules on Defendant's pending motion to dismiss, ECF 17.

## I.  Background

     Plaintiff Torrence Brown-Smith was enrolled at the University of Northern Colorado and set to graduate in May 2020. On May 1, 2020, Plaintiff was suspended from the University until 2022. In this case, Plaintiff asserts that his suspension constitutes gender discrimination in violation of Title IX of the Education Amendments of 1972, the proceedings leading to his suspension failed to provide adequate due process in violation of the Fourteenth Amendment to the United States Constitution, and the suspension violates contractual and other promises between the parties.

Plaintiff filed this action on November 2, 2020. ECF 1. On February 1, 2021, Defendant filed a motion to dismiss Plaintiff's complaint. ECF 17. Defendants argue that Plaintiff has failed to state a claim for violation of Title IX and that the Eleventh Amendment to the United States Constitution bars subject matter jurisdiction over Plaintiff's other claims for relief. A scheduling conference in this matter is set for March 18, 2021.

## II. Discussion

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Moreover, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). In the instant matter, all of these factors are satisfied.

With regard to the first three *String Cheese* factors, it is particularly efficient and fair—to the parties and the court—to delay the proceedings at this stage of the litigation pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("the court has considerable discretion over the timing of discovery").

With regard to the fourth and fifth *String Cheese* factors, the interests of non-parties and the public is also served by a stay in this matter. In particular, the Defendant is a state entity, and the costs to defend this matter will be borne by the citizens of Colorado.  Colo. Rev. Stat. § 23-40-104.

**III.    Conclusion**

Vacating the March 18 scheduling conference and staying discovery until

Defendant's motion to dismiss is ruled on will conserve the resources of the parties,

the Court, and the public.

WHEREFORE, the parties respectfully request the Court to vacate the

March 18, 2021 scheduling conference and stay discovery in this matter until the

Defendant's motion to dismiss is ruled on.

Pursuant to D.C.COLO.LCivR 6.1, counsel are contemporaneously serving a

copy of this motion on their respective clients.

DATED this 10th day of March, 2021.

*/s/ Tim Galluzzi*
Tim Galluzzi
Kevin B. Cheney
CHENEY GALLUZZI & HOWARD,
LLC
1888 Sherman Street, Suite 200
Denver, Colorado 80203
Email: tim@cghlawfirm.com
kevin@cghlawfirm.com

*Attorneys for Plaintiff*

PHILIP J. WEISER
Attorney General

*/s/ Skip Spear*
Skippere Spear, No. 32061*
Amy Colony, No. 36124*
Senior Assistant Attorneys
General

Patrick Warwick-Diaz, No.
49024*
Eric T. Butler, No. 47969*
Assistant Attorneys General

Ralph L. Carr Colorado
Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140; -6615; -6124; -
6151
skip.spear@coag.gov
amy.colony@coag.gov
patrick.warwick-
diaz@coag.gov

4

eric.butler@coag.gov
*counsel of record

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **Joint Motion to Vacate**

**Scheduling Conference and Stay Discovery** upon all parties herein by

email at Denver, Colorado, this 10th day of March, 2021 addressed as follows:

Timothy Galluzzi
Kevin Cheney
Nicole J. Greene
Cheney Galluzzi & Howard, LLC
1888 Sherman Street, Suite 200
Denver, Colorado 80203
tim@cghlawfirm.com
kevin@cghlawfirm.com
nicole@cghlawfirm.com

*Attorneys for Plaintiff*

*/s/ Carmen Van Pelt*