IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03271-MEH

TORRENCE BROWN-SMITH,

    Plaintiff,

v.

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTHERN COLORADO,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Amended Complaint. ECF 28. As indicated in Plaintiff's fourth motion for extension of time to respond to the pending motion to dismiss, Plaintiff intended to file an amended pleading rather than a response brief. ECF 26. Plaintiff suggested that he would do so, "provided he has written consent from Defendant or leave from this Court." ECF 26 ¶ 3. However, there is no indication of whether Defendant has consented to the Amended Complaint. Despite this, the Court will *sua sponte* consider whether to give Plaintiff leave in the interest of justice.

    Rule 15 of the Federal Rules of Civil Procedure states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of*

*Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Particularly instructive here is the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12 motion, and frame the issues to be decided.

In this case, Plaintiff filed the Amended Complaint after the Defendant filed its Rule 12 motion but before any deadline for amendment of pleadings (since no Scheduling Order has been entered yet). Therefore, the Court finds that Plaintiff's proposed amendment is timely. Moreover, it appears that Plaintiff specifically attempted to respond to Defendant's Rule 12 motion in crafting his proposed Amended Complaint. ECF 26. For example, Plaintiff proposes to eliminate his breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel claims. ECF 28. Accordingly, the Court finds that it is proper in this instance to amend the pleading pursuant to Rule 15 to correct deficiencies that are raised in a Rule 12 motion. Additionally, the Court perceives no prejudice to Defendant from the requested amendment since no extensions of any case deadlines are necessary, as the case is stayed.

Regarding futility, although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge under Rule 15(a), in exercising its discretion, the Court here must

consider the efficiency of proceeding in this matter, particularly in light of the motion to dismiss currently pending. *See Fluker v. Federal Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. April 21, 2009) (finding that futility arguments would be "more efficiently raised in the context of a Rule 12(b)(6) motion"). Arguments about the application of Rule 15(a) in this matter would more properly be raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.*

Accordingly, for the reasons stated above, the Court *sua sponte* gives Plaintiff leave to amend his Complaint in the interest of justice and accepts the Amended Complaint as filed. However, Plaintiff failed to comply with D.C.Colo.LCivR 15.1 which requires that the amending party "file a separate notice of pleading which strikes through (e.g., strikes through) the text to be deleted and underlines (e.g., underlines) the text to be added." Therefore, on or before April 22, 2021, Plaintiff shall file a separate notice of filing an amending pleading with the appropriate attachment as described in the Local Rules.

Finally, in light of this order, Defendant's motion to dismiss [filed February 1, 2021; ECF 17] is **denied without prejudice** with leave to refile, if Defendant so chooses, in response to the Amended Complaint. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").

Dated at Denver, Colorado, this 20th day of April, 2021.

                                             BY THE COURT:

                                             Michael E. Hegarty
                                             United States Magistrate Judge

4